MICHAEL SCHENA (afterwards DOMENICO A. SCHENA, administrator,) *vs.* MADELINA BACIGALUPO.

Essex. March 10, 1919. — May 22, 1919.

Present: RUGG, C. J., DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Of one controlling real estate. *Landlord and Tenant.*

Where, at the trial of an action for personal injuries, received by one alleged to be a tenant in a building owned by the defendant and caused by a defect in a passageway in the building, there is no evidence as to who caused the alleged defect nor how long it had existed, nor whose tenant the plaintiff was nor the terms of his tenancy, a verdict should be ordered for the defendant.

TORT for personal injuries, alleged to have been received by one Michael Schena while a tenant on premises owned by the defendant. Writ in the Central District Court of Northern Essex dated December 1, 1914.

After appeal to the Superior Court, upon suggestion of the plaintiff's death, Domenico A. Schena, the administrator of his estate, was admitted as a party plaintiff to prosecute the action in his stead.

The action was tried in the Superior Court before *Bell,* J. The material evidence is described in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in her favor. The jury found for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*D. H. Fulton,* for the defendant.

*W. J. McDonald,* for the plaintiff, submitted a brief.

CARROLL, J. The plaintiff in this action seeks to recover damages for personal injuries to his intestate, Michael Schena, who, he contends, was injured by reason of a defect in a common passageway on the defendant's premises. The jury found for the plaintiff.

There was evidence that the defendant was the owner of a building in which Michael Schena was a tenant; that the floor of the passageway between the tenant's room and the room of one Bocuco was defective; and that by reason of this defect the plaintiff's intestate was injured. There also was testimony showing that the adjoining premises were being repaired and some material for this work was taken from the defendant's building; but the record does not show how long the defect complained of existed, nor who caused it; and there is nothing in the evidence from which it could be inferred that the defendant was negligent, or responsible for the condition of the passageway. It does not appear from whom the plaintiff's intestate hired his tenement, — he may have been the tenant of the defendant or of Bocuco; nor whether Bocuco hired the whole or only a part of the building; nor what the terms of the lease were. Bocuco may have been the lessee under a written lease, and the passageway may have been a part of the leased premises; at least there is nothing in the evidence to contradict this assumption. On the evidence before us, there is nothing to show that the defendant owed the plaintiff any duty. The defendant's motion for a directed verdict should have been granted.

*Exceptions sustained.*